IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MELVIN V. PAGE §
§
VS. § ACTION NO. 4:07-CV-298-Y
§
LIBERTY LIFE ASSURANCE §
COMPANY OF BOSTON, ET AL. §

## ORDER GRANTING MOTION TO DISMISS

Plaintiff Melvin Page has brought suit against defendants Liberty Life Assurance Company of Boston ("Liberty Life") and Texas Wesleyan University ("TWU") alleging numerous state-law causes of action, all stemming from Liberty Life's failure to pay insurance benefits under its life-insurance policy. Defendants have filed a motion (doc. #5) to dismiss under Federal Rule of Civil Procedure 12(b)(6). Defendants contend that the Liberty Life insurance policy is part of an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). Thus, Defendants argue that Page's state-law claims are preempted by ERISA and request that the Court dismiss Page's complaint, strike his demands for compensatory and punitive damages and other forms of exemplary damages, and order Page to submit an amended complaint that pleads a cause of action under section 1132(a)(1)(B) of ERISA and pleads the proper remedies available under ERISA. After review, the Court concludes that Defendants' motion should be GRANTED.

I. Factual Background[1]

Melvin Page's son, Grady Page, was employed by TWU as a maintenance man in 1992. As a TWU employee, Grady was permitted to enroll in a group insurance policy offered by TWU as a benefit of employment. This policy was administered by Liberty Life.

The benefit plan permitted Grady to enroll in life, medical, dental, and prescription-drug insurance coverage. Grady elected to enroll in life-insurance coverage in the amount of $7000. Page is unsure whether Grady was required to pay a premium for this coverage or whether the premium was paid by TWU.

Page "believes" that Grady listed a friend as the primary beneficiary and Page as the secondary beneficiary. Grady's friend predeceased Grady and shortly thereafter, Grady passed away, leaving Page as the sole beneficiary under the policy. Despite demand, Liberty Life has refused to pay the proceeds of the life-insurance policy to Page.

II. Analysis

A. Standard

A motion to dismiss under Rule 12(b)(6) for a failure to state a claim "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045,

---

[1] For purposes of this motion, the Court will accept all of Page's pleaded facts as true.

1050 (5th Cir. 1982)(internal quotations and citations omitted). The court must accept as true all well pleaded, non-conclusory allegations in the complaint, must liberally construe the complaint in favor of the plaintiff, and resolve all doubts in the plaintiff's favor. *See Kaiser Aluminum*, 677 F.2d at 1050; *Collins, et al. v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). But conclusory allegations, unwarranted deductions of fact, or "legal conclusions masquerading as factual [allegations] will not suffice to prevent [the granting of] a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993); *see also Spiller v. City of Texas City, Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997). Indeed, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and his "factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 & 1974 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), to the extent the Court concluded therein that a plaintiff can survive a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief").

"In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the

pleadings, including attachments thereto." *Collins,* 224 F.3d at 498; FED.R.CIV.P. 12(b)(6). Documents a defendant attaches to a motion to dismiss are considered a part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim. *Collins,* 224 F.3d at 498-99. "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Id.* at 499.

B. Discussion

The gravamen of Page's complaint is that Liberty Life wrongfully denied paying the life-insurance benefits under the policy issued to Grady as a benefit of his employment with TWU. Defendants' motion to dismiss calls upon the Court to decide whether Page's state-law causes of action are preempted by ERISA. That determination depends on (1) whether Grady's life-insurance policy is part of an employee welfare benefit plan falling under and governed by ERISA; and (2) if the policy does fall under ERISA, whether the state-law claims relate to the policy.

ERISA is the principle federal statute that governs employee benefit plans. *See* 29 U.S.C. § 1001, *et seq.* Under ERISA, plans fall into two categories: "employee pension benefit plans" and "employee welfare benefit plans." *See* 29 U.S.C. § 1002. Under 29

U.S.C. § 1002(1), an employee welfare benefit plan is, among other things:

> any plan . . . established or maintained by an employer . . . to the extent that such plan . . . was established or maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise . . . benefits in the event of . . . death . . . .

Accepting the allegations in Page's complaint as true, Grady's life-insurance policy is part of an employee welfare benefit plan offered by TWU to its employees. Page's complaint states that Grady was an employee of TWU. It states that TWU provided Grady with a life-insurance policy as part of a group insurance plan offered as a benefit to TWU employees and administered by Liberty Life. And the complaint states that Page was a named beneficiary under the life-insurance policy. Thus, Grady's insurance policy falls under and is governed by ERISA. *See Heller v. Fortis Benefits Ins. Co.,* 142 F.3d 487, 492 (D.C. Cir. 1998)("Because Heller made her disability claim through an insurance plan offered by her employer, this coverage case is governed by ERISA.").

ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a). The term "State law" includes "all laws, decisions, rules, regulations, or other State action having the effect of law . . . ." 29 U.S.C. § 1144(c)(1). The Supreme Court has held that "a state law relates to an ERISA plan if it has a

5

connection with or reference to such a plan." *Egelhoff v. Egelhoff,* 532 U.S. 141, 147 (2001)(internal quotations and citations omitted). The Supreme Court has recognized that "ERISA includes expansive preemption provisions, . . . which are intended to ensure that employee benefit plan regulation would be exclusively a federal concern." *Aetna Health Inc. v. Davila,* 542 U.S. 200, 208 (2004). And the purpose behind the expansive preemption provisions in ERISA is

> to ensure that plans and plan sponsors would be subject to a uniform body of benefits law, . . . to minimize the administrative and financial burden of complying with conflicting directives among States or between States and the Federal Government, . . . [and to prevent] the potential for conflict in substantive law . . . requiring the tailoring of plans and employer conduct to the peculiarities of the law of each jurisdiction.

*New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Insurance Company,* 514 U.S. 645, 656 (1995)(internal quotations and citations omitted).

Here, all of Page's state-law claims relate to Grady's ERISA insurance policy because underlying each claim is the allegation that Defendants wrongfully denied paying the benefits under the policy. The assertion of Page's state-law claims amounts to an alternative to ERISA's civil enforcement provisions.

> The detailed provisions of [ERISA] set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims-settlement procedures

> against the public interest in encouraging the formation of employee benefit plans. The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA. The six carefully integrated civil enforcement provisions found in [ERISA] . . . provide strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly.

*Aetna Health Inc.,* 542 U.S. at 208-09 (internal quotations and citation omitted)(emphasis in original). Indeed, courts have determined that most if not all of Page's state-law claims are preempted by ERISA. *See Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 43 (1987)(ERISA preempts common-law tort and contract actions asserting improper processing of a claim for benefits under an insured employee benefit plan); *Ellis v. Liberty Life Assurance Co. of Boston,* 394 F.3d 262, 278 (5th Cir. 2004)(unfair practices and bad-faith claims under common law and under articles 21.21 and 21.55 of the Texas Insurance Code preempted); *Mayeaux v. La. Health Service & Indemnity Co.,* 376 F.3d 420, 433 (5th Cir. 2004)(negligence and unfair trade practices claims preempted); *Bullock v. Equitable Life Assur. Soc'y of the United States,* 259 F.3d 395, 400 (5th Cir. 2001)(breach-of-contract claims preempted); *Ramirez v. Inter-Continental Hotels,* 890 F.2d 760, 763 (5th Cir. 1989)(section 17.46 of Texas Deceptive Trade Practices Act preempted); *Juckett v. Beecham Home Improvement Products, Inc.,* 684

F. Supp. 448, 452 (N.D.Tex. 1988)(Article 3.62 of Texas Insurance Code preempted); *Tucker v. Commercial Life Ins. Co.,* No. CA 3-89-0438-G, 1989 U.S. Dist. LEXIS 12523, *3 (N.D. Tex. Sep. 27, 1989)(claims under orders of the Texas State Board of Insurance preempted). Accordingly, Page's state-law claims are preempted by ERISA.

Finally, Page's demands for compensatory and punitive damages must be stricken. Congress did not provide for compensatory or punitive damages under ERISA. *See Rogers v. Hartford Life & Accident Ins. Co.,* 167 F.3d 933, 944 (5th Cir. 1999)("ERISA does not permit generally the recovery of extra-contractual damages."); *Weir v. Federal Asset Disposition Ass'n,* 123 F.3d 281, 290 (5th Cir. 1997)(affirming dismissal of claims for compensatory and punitive damages under ERISA); *Godfrey v. BellSouth Telecommunications,* 89 F.3d 755, 761 (11th Cir. 1996)("The district court did not err in holding that compensatory and punitive damages are not available under ERISA . . . ."). An ERISA benefit plan beneficiary "can sue to enforce [his] rights under the plan and under ERISA, and for equitable relief, but not for punitive or compensatory damages." *Godfrey,* 89 F.3d at 761.

III. Conclusion

For the forgoing reasons, Defendants' motion to dismiss is GRANTED. Page's claims for compensatory and punitive damages are

struck. Further, Page's complaint is dismissed because all of his state-law claims are preempted under ERISA. Finally, Page shall have twenty days from the date of this order to file an amended complaint that pleads a cause of action under ERISA, 29 U.S.C. § 1132(a)(1)(B), and that pleads the appropriate relief that he is entitled to under ERISA.

SIGNED April 14, 2008.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE